## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| MICHAEL GIBSON MUIR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:20-cv-01280 |
| UNITED STATES TRANSPORTATION SECURITY ADMINISTRATION; DAVID P. PEKOSKE; L3HARRIS TECHNOLOGIES, INC., | ) ) ) ) ) ) |
| Defendants. | ) |

## **ORDER**

This matter is before the Court on Plaintiff Michael Gibson Muir's Requests for Judicial Notice. (Docs. 6, 9). Specifically, Plaintiff asks the Court to judicially notice: (1) a letter "constituting the United States Transportation Security Administration's final agency action on claim number 2019101363533," (2) an Allegiant Airlines ticket, (3) Monster Pawn bill of sale number 111220, (4) Maricopa Community College Police Department incident report number 1801638, and (5) an expenditure approval list for the City of Aurora, Illinois. (*E.g.*, doc. 9).

"The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[T]he effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and, in effect, directing a verdict against him as to the fact noticed." *Gen. Elec. Capital Corp.*

*v. Lease Resolution Corp.*, 128 F.3d 1074, 1083 (7th Cir. 1997) (quoting *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994)).

None of the items Plaintiff asks the Court to judicially notice are generally known facts, nor are they readily available for verification by the Court. Additionally, the Court is not persuaded they are not subject to reasonable dispute, particularly with respect to Plaintiff's intended application of the items.

> The key to a fair trial is opportunity to use the appropriate weapons (rebuttal evidence, cross-examination, and argument) to meet adverse materials that come to the tribunal's attention. . . . If a court takes judicial notice of a fact whose application is in dispute, the court removes these weapons from the parties and raises doubt as to whether the parties received a fair hearing.

*Id.* (internal quotation marks and citations omitted). In short, the items identified by Plaintiff are not appropriate candidates for judicial notice.

If Plaintiff wishes to use these items in support of his claims, he may, consistent with Federal Rule of Civil Procedure 15(a), amend his Complaint by attaching these items as exhibits thereto or he may attempt to use these items as evidence supporting or refuting a dispositive motion or at trial.

IT IS THEREFORE ORDERED that Plaintiff's Requests for Judicial Notice (docs. 6, 9) are DENIED.

SO ORDERED.

Entered this 2nd day of September 2020.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
