# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| MICHAEL GIBSON MUIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-01280 |
| ) | |
| UNITED STATES TRANSPORTATION ) | |
| SECURITY ADMINISTRATION; DAVID P. ) | |
| PEKOSKE, Administrator, United States ) | |
| Transportation Security Administration, in his ) | |
| individual capacity; L3HARRIS ) | |
| TECHNOLOGIES, INC., a Delaware for-profit ) | |
| corporation; ALLEGIANT AIR, LLC, a Nevada ) | |
| company; CHAD F. WOLF, Secretary, United ) | |
| States Department of Homeland Security, in his ) | |
| official capacity, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S COMBINED MOTION TO STRIKE INSUFFICIENT SERVICE OF PROCESS AS SUMMONS RETURNED UNEXECUTED AND PLAINTIFF'S MOTION TO CORRECT DOCKET ENTRY NO. 12 DUE TO A DISCREPANCY WITH CENTRAL DISTRICT OF ILLINOIS SIXTH AMENDED GENERAL ORDER 20-01 AND PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO SERVE ALL DEFENDANTS AND PLAINTIFF'S MOTION FOR A WAIVER FROM THE REQUIREMENT TO CERTIFY INSUFFICIENT SERVICE OF PROCESS UPON DEFENDANT UNITED STATES TRANSPORTATION SECURITY ADMINISTRATION**

Plaintiff Muir makes the following combined motions based on a discrepancy regarding the filing date of "Plaintiff's First Amended Complaint and Demand for Jury Trial" under Central District of Illinois Sixth Amended General Order 20-01 that Muir believes could impact the due process rights of the Defendants and be raised as a material personal jurisdiction issue on appeal and therefore must be addressed and corrected before the case can properly proceed.

I. <u>PLAINTIFF'S MOTION TO STRIKE INSUFFICIENT SERVICE OF PROCESS AS SUMMONS RETURNED UNEXECUTED</u>

Pursuant to FRCP 12(f) of the Federal Rules of Civil Procedure, plaintiff Muir respectfully moves this Court to strike Docket Entry No. 14 (Summons Returned Executed, Defendant Allegiant Air, LLC.) and Docket Entry No. 15 (Summons Returned Executed, Defendant David P. Pekoske) as summons returned UNEXECUTED, as both docket entries are irrelevant due to insufficient service of process based upon a filing-date discrepancy for "Plaintiff's First Amended Complaint and Demand for Jury Trial" under Central District of Illinois Sixth Amended General Order 20-01.

II. <u>PLAINTIFF'S MOTION TO CORRECT DOCKET ENTRY NO. 12 DUE TO A DISCREPANCY WITH CENTRAL DISTRICT OF ILLINOIS SIXTH AMENDED GENERAL ORDER 20-01</u>

Pursuant to Central District of Illinois Sixth Amended General Order 20-01, plaintiff Muir makes the instant motion based on an irreconcilable discrepancy between the correct filing date of "Plaintiff's First Amended Complaint and Demand for Jury Trial" stamped on the back of page 28 of the document (September 4, 2020) and the incorrect filing date stamped on the

2

front of page 1 of the document (September 8, 2020) of Docket Entry No. 12 ("FIRST AMENDED COMPLAINT").

Pursuant to Central District of Illinois Sixth Amended General Order 20-01, Muir filed "Plaintiff's First Amended Complaint and Demand for Jury Trial" at the drop box located inside the Peoria Courthouse on September 4, 2020 at 3:33 p.m. by stamping the back of the last page of the document (page 28), sealing it in a Court provided envelope and placing it in the drop box.

Muir believes that a document cannot have two filing dates and it is his belief that all service of process related to "Plaintiff's First Amended Complaint and Demand for Jury Trial" is insufficient and irrelevant because the Summons issued and service effected refer to Docket Entry No. 12, which has an incorrect filing date of September 8, 2020.

Pursuant to Central District of Illinois Sixth Amended General Order 20-01, plaintiff Muir respectfully moves this Court to order the Clerk to correct Docket Entry No. 12 to accurately reflect the September 4, 2020 filing date stamped on the back of page 28 of "Plaintiff's First Amended Complaint and Demand for Jury Trial" so that it is in compliance with General Order 20-01.

Based on the above referenced filing-date discrepancy and pursuant to FRCP 4(a)(2) of the Federal Rules of Civil Procedure, plaintiff Muir additionally moves this Court to order the Clerk to issue Alias Summons for all Defendants in the above captioned action that will relate to the correct filing date of September 4, 2020 for "Plaintiff's First Amended Complaint and Demand for Jury Trial" as Muir believes that a proper Summons must have a correct caption and relate to a document with a single filing date in order to obtain personal jurisdiction over the Defendants.

### III. PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO SERVE ALL DEFENDANTS

Pursuant to FRCP 4(m) of the Federal Rules of Civil Procedure, plaintiff Muir respectfully moves this Court to grant him a 30 day extension of time to serve all Defendants in the above captioned action as the discrepancy regarding the filing date of "Plaintiff's First Amended Complaint and Demand for Jury Trial" is a simple procedural discrepancy based on the unusual circumstances presented by the Public Health Emergency as declared by the Governor of the State of Illinois and Muir believes it would be unduly prejudicial to him to lose time to effect service of process through no fault of his own.

### IV. PLAINTIFF'S MOTION FOR A WAIVER FROM THE REQUIREMENT TO CERTIFY INSUFFICIENT SERVICE OF PROCESS UPON DEFENDANT UNITED STATES TRANSPORTATION SECURITY ADMINISTRATION

Plaintiff Muir makes the instant motion out of respect for the Court and Clerk's time as he believes filing irrelevant, unnecessary and or moot documents is inappropriate and a waste of Court resources.

Plaintiff Muir attempted to effect service of "Plaintiff's First Amended Complaint and Demand for Jury Trial" upon Defendant United States Transportation Security Administration on September 19, 2020 by mailing copies via Certified U.S. mail to the Attorney General of the United States, the Office of the General Counsel of the United States Department of Homeland Security, the Office of the Chief Counsel of the United States Transportation Security Administration and Tami Richmond at the United States Attorney's Office for the Central District of Illinois.

A search of the U.S.P.S. database revealed that all copies were delivered, which would normally trigger a requirement for Muir to submit a Certificate of Service.

Plaintiff Muir respectfully moves this Court to grant him a one-time waiver of the requirement to submit a Certificate of Service in this instance (September 19, 2020 mailing to Defendant United States Transportation Security Administration) as it is irrelevant because Muir cannot certify that service was proper because of the incorrect filing date of "Plaintiff's First Amended Complaint and Demand for Jury Trial" and because the caption of the Summons issued on July 31, 2020 was not amended to accurately reflect all Defendants in the action.

DATED: this 28th day of September, 2020

                                            Respectfully submitted,

                                            _____s/Michael Gibson Muir_____

                                            MICHAEL GIBSON MUIR

MICHAEL GIBSON MUIR
19 Inglewood Lane
Bloomington, IL 61704
(712) 309-6121