IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MICHAEL GIBSON MUIR, )<br>)<br>*Plaintiff*, )<br>) 1:20-cv-01280<br>v. )<br>)<br>UNITED STATES TRANSPORTATION )<br>SECURITY ADMINISTRATION; )<br>DAVID P. PEKOSKI; and )<br>L3HARRIS TECHNOLOGIES, INC. )<br>)<br>*Defendants*. ) | |

## L3HARRIS TECHNOLOGIES, INC.'S
## RESPONSE IN OPPOSITION
## TO PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT

Defendant, L3HARRIS TECHNOLOGIES, INC. ("L3"), by and through its attorneys, ADLER MURPHY & McQUILLEN LLP, hereby responds in opposition to Plaintiff's Request for Entry of Default, and in support thereof states as follows:

1.  Plaintiff and L3 were previously litigating Plaintiff's claims in the United States District Court for the District of Arizona. However, when the Arizona District Court denied Plaintiff leave to file a second amended complaint, he voluntarily dismissed the Arizona action and filed his original Complaint in the present action. See Doc. 1.

2.  On August 24, 2020, Plaintiff served his original Complaint on L3, such that L3 would have answered or otherwise pled by September 14, 2020. See Doc. 10.

3.  On September 4, 2020, before L3 filed any appearances in this matter, Plaintiff filed his First Amended Complaint. See Doc. 12.

4.      Plaintiff's First Amended Complaint superseded his original Complaint, rendering the original Complaint a nullity. See *Karmatzis v. Godinez*, No. 11-CV-3373, 2012 U.S. Dist. LEXIS 58392, at *3 (C.D. Ill. 2012).

5.      However, because L3 had not yet appeared, Plaintiff was required to serve a paper copy of the First Amended Complaint on L3. See Local Rule 5.3(B).

6.      Counsel for L3 had established communications with Plaintiff during the previous proceedings in the Arizona District Court and attempted to do the same in the present matter. On September 18, 2020, counsel reached out to Plaintiff via email to inform him of the need for proper service of the First Amended Complaint. Counsel offered to accept service on behalf of L3 with the effective date of September 22, 2020. In return, counsel asked for Plaintiff's agreement that L3 would file its responsive pleading within 14 days, by October 6, 2020. When Plaintiff did not respond, on September 21, 2020, counsel placed a phone call to Plaintiff and left a voicemail summarizing the contents of the earlier email. Plaintiff never responded to the email and never returned the call.

7.      On November 2, 2020, Plaintiff filed a return of summons for L3 (see Doc. 24) and a Motion for Entry of Default against L3. See Doc. 25. Plaintiff alleges in his Motion that L3 was served with an Alias Summons and a copy of the First Amended Complaint on October 9, 2020. He further alleges that L3 was "unresponsive and in default and therefore concedes liability." See Doc. 25, pg. 2.

8.      L3 has made no such concession of liability and has diligently defended against Plaintiff's claims for the better part of the past year. L3 has every intention of continuing to defend against Plaintiff's claims in the present matter.

9. Upon learning from the electronic docket that Plaintiff had apparently served the First Amended Complaint on L3, counsel for L3 investigated the issue and learned that L3 inadvertently neglected to inform counsel of the service.

10. However, notwithstanding L3's inadvertence with respect to Plaintiff's service of the First Amended Complaint, it remains that any disputes concerning service could have been avoided if Plaintiff had communicated with counsel for L3, as was requested.

11. The Seventh Circuit has recognized that default judgments are "not favored, especially in hotly contested cases." *Isby v. Clark*, 100 F.3d 502, 504 (7th Cir. 1996). Accordingly, a district court may conclude in its discretion that a party did not exhibit the type of "egregious conduct" that would warrant entering a default. See *Shaw v. Illinois Department of Corrections*, No. 08-CV-2187, 2009 U.S. Dist. LEXIS 56576, at *3 (C.D. Ill. 2009) (quoting *In re Hall,* 304 F.3d 743, 748-49 (7th Cir. 2002)).

12. The present matter is a hotly contested case in which Plaintiff seeks hundreds of millions of dollars based on allegations relating to L3's manufacture and sale of airport passenger screening technology. Without touching on the merits of the lawsuit, L3 respectfully submits that it concerns sensitive national security concerns, and the entry of a default order would not promote the efficient resolution of this litigation.

13. Upon learning that Plaintiff had served L3 with his First Amended Complaint and filed a Motion seeking the entry of a default, L3 immediately filed its Appearances and prepared the instant Response in Opposition.

14. As no other Defendant has yet filed a responsive pleading as of the filing of this instant motion, and as the other defendants received extensions to file their responsive pleadings on

November 4 and 13, 2020, respectively, there is no prejudice to Plaintiff in denying Plaintiff's request for entry of a default.

15.     For all of these reasons, L3 respectfully requests that this Court deny Plaintiff's request for the entry of a default and grant L3 14 days to file its responsive pleading to the First Amended Complaint.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant, L3HARRIS TECHNOLOGIES, INC., respectfully requests that this Court (1) DENY Plaintiff's Request for Entry of Default Against L3 and further (2) GRANT L3 leave to file a responsive pleading to Plaintiff's First Amended Complaint within 14 days.

Dated: November 3, 2020                Respectfully submitted,

                                       ADLER MURPHY & McQUILLEN LLP

                                       /s/ _Richard C. Harris_____
                                       One of the Attorneys for Defendant,
                                       L3HARRIS TECHNOLOGIES, INC.

Michael G. McQuillen
Christopher J. Raistrick
Richard C. Harris
ADLER MURPHY & McQUILLEN LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Telephone: (312) 345-0700
Facsimile: (312) 345-9860
mmcquillen@amm-law.com
craistrick@amm-law.com
rharris@amm-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing thereby transmitting a Notice of Electronic Filing to all CM/ECF registrants.

With a copy sent via U.S. Mail and email to:

Michael Gibson Muir
19 Inglewood Ln
Bloomington, IL 61704
blaxwan@yahoo.com
*Plaintiff Pro se*

                                                  /s/ Richard C. Harris