IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MICHAEL GIBSON MUIR, | ) |
| | ) 1:20-cv-01280 |
| *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | ) District Judge: |
| UNITED STATES TRANSPORTATION | ) Hon. Billy Joe McDade |
| SECURITY ADMINISTRATION; DAVID | ) |
| P. PEKOSKI; L3HARRIS TECHNOLOGIES, | ) |
| INC.; ALLEGIANT AIR, LLC; CHAD E. | ) Magistrate Judge: |
| WOLF, Secretary, United States Department | ) Jonathan E. Hawley |
| of Homeland Security. | ) |
| | ) |
| *Defendants*. | ) |

**L3HARRIS TECHNOLOGIES, INC.'S MOTION FOR LEAVE TO
(1) CORRECT ITS INADVERTENT FILING ERROR AND
(2) FILE A REPLY IN SUPPORT OF ITS
<u>MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

Pursuant to Local Rules 5.7 and 7.1, Defendant, L3HARRIS TECHNOLOGIES, INC. ("L3"), by and through its attorneys, ADLER MURPHY & McQUILLEN LLP, respectfully seeks leave to correct an inadvertent filing error and also file a Reply in Support of its Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"). In support, L3 states as follows:

1.      L3 moved to dismiss Plaintiff's FAC on grounds that his claims are barred by a combination of res judicata and the failure to satisfy the applicable statute of limitations. L3 further argued that it is immune from suit pursuant to the SAFETY Act (6 U.S.C. § 442(d)(1) (2018)), and that Plaintiff cannot state a valid cause of action against L3. See Doc. #37.

**Inadvertent Filing Error**

2.      In its Motion to Dismiss, L3 referenced a Declaration from George Salimbas, a former L3 employee who attested to his knowledge of L3's airport security screening technology

1

which is the subject of Plaintiff's claims against L3. The Salimbas Declaration was purportedly attached to L3's Motion to Dismiss as **Exhibit F**. See Doc. #37, pg. 7.

3. Pursuant to Local Rule 5.7(D), once a document is submitted and becomes part of the case docket, corrections to the docket can be made only by the Clerk's office. The matter is to be addressed as soon as possible after the error is discovered. If appropriate, the Court will make an entry addressing the filing error.

4. Counsel for L3 recently discovered, in the course of preparing L3's Reply Brief, that Exhibit F (attached hereto under the same label) was not uploaded as an exhibit with L3's Motion to Dismiss.

5. As L3 explained in its Motion to Dismiss, Plaintiff previously sued L3 in the United States District Court for the District of Arizona. See Doc. #37, pgs. 1-2.

6. Exhibit F is the same or substantially similar to prior versions of the Salimbas affidavit which were previously filed in support of L3's motions to dismiss Plaintiff's complaints in the Arizona District Court.

7. Plaintiff is therefore familiar with the contents of Exhibit F and made no mention of L3's inadvertent filing error in his Response. Thus, Plaintiff will suffer no prejudice if L3 is permitted to correct its filing to add Exhibit F.

8. For the reasons stated, L3 respectfully requests permission to file the attached Exhibit F in support of its Motion to Dismiss.

**Reply Brief**

9. The Local Rules require a party to seek leave of the court before filing any reply brief. C.D. Ill. L.R. 7.1(B)(3); *Sornberger v. First Midwest Bank*, 278 F. Supp. 2d 935, 938 (C.D. Ill. 2002). "Typically, reply briefs are permitted if the party opposing a motion has introduced new

and unexpected issues in his response to the motion, and the Court finds a reply from the moving party would be helpful to its disposition of the motion." *OSF v. Healthcare Sys. v. Bd. of Trustees of SEIU Healthcare Illinois Home Care & Child Care Fund*, 456 F. Supp. 3d 1018, 1029 (C.D. Ill. 2020) (quoting *Shefts v. Petrakis*, No. 10-1104, 2011 WL 5930468, at *8 (C.D. Ill. Nov. 29, 2011); *Heidelberg v. Manias*, No. 1:18-01161, 2020 WL 7034315, at *14 (C.D. Ill. Nov. 30, 2020).

10. In his Response to L3's Motion to Dismiss, Plaintiff asserts new factual allegations and legal theories that were not alleged in his FAC. L3 has not had an opportunity to address these newly raised issues which may have a significant impact on the arguments set forth in L3's Motion to Dismiss. Thus, L3 submits that the filing of a reply brief is justified so that it may address Plaintiff's new factual and legal theories.

11. In accordance with Local Rule 7.1(F), a copy of the proposed reply brief is attached hereto as **Exhibit 1**. L3 respectfully requests leave to file the same.

WHEREFORE, for the foregoing reasons, L3 respectfully requests that this Court issue an Order granting L3 leave to file (1) the Exhibit F in support of its Motion to Dismiss and (2) the attached Reply in Support of its Motion to Dismiss Plaintiff's First Amended Complaint.

Dated: December 17, 2020

Respectfully submitted,

ADLER MURPHY & McQUILLEN LLP

*/s/ Richard C. Harris*
One of the Attorneys for Defendant,
L3HARRIS TECHNOLOGIES, INC.

Michael G. McQuillen
Christopher J. Raistrick
Richard C. Harris
ADLER MURPHY & McQUILLEN LLP

20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Telephone: (312) 345-0700
Facsimile: (312) 345-9860
mmcquillen@amm-law.com
craistrick@amm-law.com
rharris@amm-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing thereby transmitting a Notice of Electronic Filing to all CM/ECF registrants.

With a copy sent via U.S. Mail and email to:
Michael Gibson Muir
19 Inglewood Ln
Bloomington, IL 61704
blaxwan@yahoo.com
*Plaintiff Pro se*

                                                   */s/ Richard C. Harris*