# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| MICHAEL GIBSON MUIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-01280 |
| ) | |
| UNITED STATES TRANSPORTATION ) | |
| SECURITY ADMINISTRATION; DAVID P. ) | |
| PEKOSKE, Administrator, United States ) | |
| Transportation Security Administration, in his ) | |
| individual capacity; L3HARRIS ) | |
| TECHNOLOGIES, INC., a Delaware for-profit ) | |
| corporation; ALLEGIANT AIR, LLC, a Nevada ) | |
| company; CHAD F. WOLF, Secretary, United ) | |
| States Department of Homeland Security, in his ) | |
| official capacity, ) | |
| ) | |
| Defendants. ) | |

## **PLAINTIFF'S FED. R. APP. P. 24 MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS**

Pursuant to Fed. R. App. P. 24(a)(1), plaintiff Michael Gibson Muir ("Muir") respectfully moves the Court to grant him permission to appeal in forma pauperis. In order to preserve judicial resources and avoid redundant filings, Muir also respectfully moves the Court to grant him permission to file his related Court of Appeals 49 U.S.C. § 46110 petition for review of an order of TSA in forma pauperis because this Court ruled Muir's constitutional claims must be brought in the first instance at the Court of Appeals and because Muir's § 46110 petition for review is an essential element of his appeal. In support of this motion, Muir submits the following incorporated memorandum of law and required Fed. R. App. P. 24(a)(1)(A) affidavit.

## ENTITLEMENT TO REDRESS

Pursuant to Fed. R. App. P. 24(a)(1)(B), Muir claims an entitlement to redress under 42 U.S.C. § 1983 (see *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658 (1978), *Adickes v. SH Kress & Co.*, 398 U.S. 144, 150-152 (1970) and *Canton v. Harris*, 489 U.S. 378 (1989)). Muir will respectfully move the Court of Appeals to reverse this Honorable District Court's January 22, 2021 order and remand with leave to amend so that Muir may name, based on new evidence not available at the time Muir filed his complaint, Peoria County as a defendant in the caption according to FED. R. CIV. P. 19(a)(1)(A), and as a result properly assert his new legal theory of state-attributable action and new valid § 1983 legal cause of action against all defendants. Muir will also respectfully move the Court of Appeals to reverse and remand with leave to amend if the Court of Appeals finds a legal or constitutional violation in Muir's 49 U.S.C § 46110 petition for review of an order of TSA.

## ISSUES PRESENTED

Pursuant to Fed. R. App. P. 24(a)(1)(C) Muir presents four issues on appeal. This District Court did not grant Muir an opportunity to amend before final dismissal and in its January 22, 2021 order terminating the matter held that Muir failed to allege fair attribution to state action, concluded that amendment was futile, found in favor of all defendants, and dismissed Muir's claims with prejudice. The questions presented on appeal are: I. Whether the District Court erred in concluding that amendment was futile; II. Whether the District Court erred in entering judgment in favor of all defendants; III. Whether the District Court erred in terminating the matter; IV. Whether the District Court erred in failing to grant plaintiff leave to amend before final dismissal under FED. R. CIV. P. 12(b)(6).

Muir was financially devastated by the sudden onset of severe symptoms as a result of his disability which made it impossible for him to work beginning in November 2016. By August 2018, still physically unable to work and having been reduced to selling his twenty-year-old stereo speakers to cover living expenses, Muir was insolvent and he filed for bankruptcy protection approximately one year later. From 2017 to present day, Muir was and is able to survive due largely to his very supportive wife and the goodwill of others who care about him. Muir has spent over $1,100 in this litigation to defend his rights even though he has done nothing wrong. His expenses in this case represent a significant percentage of his total assets and it is unjust to ask Muir to continue to expend financial resources since he must now prepay, at a minimum, another $1,010 in order to file his § 46110 petition for review of an order of TSA and his related appeal. Muir cannot afford to pay and his motion to appeal in forma pauperis should be granted since Muir has acted in good faith, has accepted the ruling of this Court regarding the defendants' common law duty, and has an arguable case as both a matter of fact and law. Muir believes he's told "a story that holds together" and his failure to name Peoria County in the caption is not, under FED. R. CIV. P. 21, grounds for dismissal and he should be granted leave to amend to conform his pleadings to meet the requirements of a valid legal cause of action.

DATED: this 5th day of March, 2021

                                                          Respectfully submitted,

                                                          s/Michael Gibson Muir
                                                          MICHAEL GIBSON MUIR

MICHAEL GIBSON MUIR
19 Inglewood Lane
Bloomington, IL 61704
(712) 309-6121