## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| MICHAEL GIBSON MUIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  1:20-cv-01280 |
| ) | |
| UNITED STATES TRANSPORTATION ) | |
| SECURITY ADMINISTRATION; DAVID ) | |
| P. PEKOSKE, *in his individual capacity*; ) | |
| L3HARRIS TECHNOLOGIES, INC.; ) | |
| ALLEGIANT AIR, LLC; CHAD F. WOLF, ) | |
| *in his official capacity as United States* ) | |
| *Department of Homeland Security*, ) | |
| ) | |
| Defendants. ) | |

# **ORDER**

This matter is before the Court on Plaintiff Michael Gibson Muir's Motion for Leave to Appeal *in forma pauperis*. (Doc. 53). For the following reasons, the Motion is denied.

The Court is permitted to authorize commencement of an appeal without prepayment of fees. 28 U.S.C. § 1915(a)(1); *see also* Fed. R. App. P. 24(a)(1). However, the Court must deny leave to appeal *in forma pauperis* if the appeal is "not taken in good faith." § 1915(a)(3). In this context, good faith is "demonstrated when [the appellant] seeks appellate review of any issue not frivolous," *Coppedge v. United States*, 369 U.S. 438, 445 (1962), meaning the appeal involves "legal points arguable on their merits," *Anders v. California*, 386 U.S. 738, 744 (1967). An appeal is brought

in bad faith if "no reasonable person could suppose [it] to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

Rule 24(a)(1) specifies the form a request to appeal *in forma pauperis* must take.

> [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. *The party must attach an affidavit that*:
>
> > (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> >
> > (B) claims an entitlement to redress; and
> >
> > (C) states the issues that the party intends to present on appeal.

(emphasis added).

In support of his request, Plaintiff has filed a Motion and attached a completed Form 4 Affidavit thereto. In the Motion, Plaintiff states he is entitled to redress and presents four issues he intends to present on appeal: 1) whether the District Court erred in concluding that amendment was futile; 2) whether the District Court erred in entering judgment in favor of all defendants; 3) whether the District Court erred in terminating the matter; and 4) whether the District Court erred in failing to grant Plaintiff leave to amend before final dismissal under Federal Rule of Civil Procedure 12(b)(6). While this statement lacks specificity,[1] the Court cannot say Plaintiff has failed to present "legal points arguable on their merits." However, this explanation of

---

[1] Plaintiff's First Amended Complaint contained twenty-one counts against multiple defendants alleging an array of legal theories and causes of action, several of which were dismissed for reasons other than failure to state a claim under Rule 12(b)(6).

the issues on appeal does not appear in the Form 4 Affidavit, as required by Rule 24(a)(1).

By contrast, in his Form 4 Affidavit, Plaintiff describes the issues on appeal as follows:

> Plaintiff believes a 42 U.S.C. § 1983 claim can be made by addressing the Court's holding in footnotes 3 at 15 of its ORDER AND OPINION. The conduct causing the deprivation of Muir's liberty is fairly attributable to the Peoria County Sheriff's Office (a state actor with sole arrest powers walking hand in hand with TSA agents and L3's A.I. to enforce federal law at the TSA checkpoint) and therefore fairly attributably to private corporations Allegiant and L3 through a conspiracy charge under Adickes v. SH Kress & Co., 398 US 144, 150–152 (1970).

(Doc. 53-1 at 1). This explanation suggests Plaintiff should have been given an opportunity to amend his First Amended Complaint to add yet another defendant and claim(s). Such would exceed any leave to amend granted in connection with a dismissal under Rule 12(b)(6), in which case, the Court would grant leave to amend only those claims analyzed and dismissed. Leave to amend on dismissal does not equal a *carte blanche* opportunity to raise entirely new claims against new parties. To add a defendant and claim(s), Plaintiff was required to obtain leave to amend under Federal Rule of Civil Procedure 15(a)(2), a request never posed to the Court and seemingly not consented to by Defendants.

To the extent the explanation in the Form 4 Affidavit forms the entire basis of Plaintiff's appeal, the Court cannot grant leave to appeal *in forma pauperis* because it does not describe an appeal taken in good faith. Generally, to preserve an issue for appeal, it must first be raised to the trial court. *See Roland v. Langlois*, 945 F.2d 956, 962 (7th Cir. 1991) ("It has long been the law of this circuit (and every other circuit,

for that matter) that a party cannot watch silently as purported rights are taken away and then claim error when the litigation does not go as planned."); *United States v. Lawson*, 776 F.3d 519, 522 (7th Cir. 2015) (finding no error where a judge failed to give a "better" limiting instruction because no such limiting instruction was requested); *Hudson v. United States*, 375 Fed. App'x 596, 598 (7th Cir. 2010) (finding no error where the judge did not recruit counsel for a *pro se* litigant because the *pro se* litigant did not request counsel). Plaintiff's claim the Court erred by failing to grant relief he never requested is simply not a valid basis for an appeal.

The Court must therefore certify that this appeal, as described in the Form 4 Affidavit, is not taken in good faith. However, because the Motion presents issues for appeal seemingly independent of the issue stated in the Form 4 Affidavit and which facially state "legal points arguable on their merits," the Court will allow Plaintiff 14 days to amend his request to comply with the requirements of Rule 24(a)(1). Should Plaintiff choose to amend his request, he is directed to also review the financial declarations for accuracy (they suggest his wife has monthly income from student loans, which seems questionable) and to provide greater clarity as to whether he and his wife share their income and assets (the affidavit suggests his wife pays for an apartment and they both pay for utilities but also states Plaintiff lives in his car and on national parks). Alternatively, Plaintiff may appeal this decision by filing his Motion for Leave to Appeal *in forma pauperis* and a copy of this Order with the Seventh Circuit Court of Appeals within 30 days. *See* Fed. R. App. P. 24(a)(5).

5

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to Appeal *in forma pauperis* (doc. 53) is DENIED but he may file an amended request within 14 days of the date of this Order. At this time, the Court CERTIFIES that this appeal is taken in bad faith.

SO ORDERED.

Entered this 11th day of March 2021.

s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
United States Senior District Judge