1:20-cv-01280-JBM-JEH  # 57-1  Filed: 10/18/21  Page 1 of 4

Case: 21-1312   Document: 00713894777   Filed: 10/18/2021   Pages: 4   E-FILED
Monday, 18 October, 2021  10:30:38 AM
Clerk, U.S. District Court, ILCD

> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted August 25, 2021[*]
Decided August 26, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*



No. 21-1312

| | |
|---|---|
| MICHAEL GIBSON MUIR, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Central District of Illinois. |
| v. | No. 20-cv-1280 |
| TRANSPORTATION SECURITY ADMINISTRATION, et al., *Defendants-Appellees*. | Joe Billy McDade, *Judge*. |

## O R D E R

On two occasions, agents from the federal Transportation Security Administration frisked Michael Muir when he passed through airport security after body scanners flagged his bulging hernia as a potential security threat. Muir sued various governmental and private actors for allegedly violating his constitutional rights,

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

No. 21-1312 Page 2

asserting that the frisks were unlawful and caused him great pain. The district court granted the defendants' motions to dismiss, finding that subject-matter jurisdiction over certain claims was lacking, that some claims were time-barred, and that what remained of the complaint failed to state a claim. Because Muir's argument on appeal does not persuade us that he stated a valid federal claim, we affirm.

In August 2018, Muir went through security at Phoenix Sky Harbor International Airport before boarding a flight to Peoria, Illinois. During the screening, a body scanner registered Muir's intestinal hernia, which protruded from his groin, as a foreign object. A TSA agent pulled Muir aside for a frisk. Muir instructed the agent not to touch his groin because, Muir said, it would result in severe pain and could endanger his life. The TSA agent nonetheless proceeded with a full-body frisk. The same month, before boarding his return flight, Muir went through security at the General Wayne A. Downing Peoria International Airport. Muir's hernia was flagged again, and, this time, Muir offered to show the agent the hernia as an alternative to a frisk. The agent denied Muir's request and frisked his whole body.

In July 2020, Muir filed a complaint based on the incident in Peoria; he sued the TSA; David Pekoske, the agency's Administrator; and L3Harris Technologies, the maker of the body scanner. He amended the complaint in September, bringing in allegations about the Phoenix incident and adding the airline, Allegiant Air, and Chad Wolf, then the Acting Secretary of Homeland Security, as defendants. The 21-count amended complaint sought compensation of between $100 million and $250 million per violation for pain and mental anguish, as well as punitive damages and injunctive and declaratory relief. Muir asserted that the defendants violated the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80, and violated his constitutional rights—including his right to be free from unreasonable searches and his "right to privacy," *see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389 (1971). He also alleged that Allegiant, L3Harris, and the TSA negligently failed to warn him of the TSA's screening process or that scanners might misidentify his hernia as a security threat. Finally, Muir asserted that Pekoske, Wolf, and the TSA violated the Rehabilitation Act, 29 U.S.C. § 794(a), by discriminating against him based on his medical condition.

The defendants filed motions to dismiss under Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure, and the district judge dismissed the complaint. He first held that any negligence claims related to the Phoenix incident were time-barred because Muir did not bring them within the two-year statute of limitations, and the

claims did not relate back to the original complaint. He then concluded that none of the parties could have acted negligently because Muir admitted that he kept his hernia secret except from the single TSA agent in Peoria, and the defendants could not mitigate or warn him of a risk they did not know about. Regardless, the judge further ruled, only the United States could be a defendant under the FTCA.

As for the constitutional claims, the judge ruled that Allegiant and L3Harris were not proper defendants because Muir did not explain how their actions could be attributed to a government. Further, the judge determined, there was no federal subject-matter jurisdiction over Muir's *Bivens* and Rehabilitation Act claims against the federal officials because, in effect, the claims challenged the validity of a final TSA order prescribing airport threat-assessment procedures, and 49 U.S.C. § 46110 vests courts of appeals with exclusive jurisdiction to hear such challenges.[1] The judge dismissed Muir's amended complaint with prejudice after determining that Muir could not cure the problems that led to dismissal.

Muir's opening brief on appeal raises only one legal argument: that he set forth a viable claim of conspiracy to deprive him of his constitutional rights under 42 U.S.C. § 1983. Muir therefore waives any appellate challenge to the judge's reasons for dismissal. *See Tuduj v. Newbold*, 958 F.3d 576, 579 (7th Cir. 2020). Moreover, he waived the argument he now brings by not presenting it in the district court. *See Poullard v. McDonald*, 829 F.3d 844, 855 (7th Cir. 2016). Although plaintiffs need not plead legal theories, *R3 Composites Corp. v. G&S Sales Corp.*, 960 F.3d 935, 942 (7th Cir. 2020), they must alert a judge to claims that were missed before the judge acts. *Wheeler v. Hronopoulos*, 891 F.3d 1072, 1073 (7th Cir. 2018). And in opposing the motions to dismiss, Muir never argued that he stated a claim under § 1983 in his amended complaint.

In any case, Muir's argument that he has a claim under 42 U.S.C. § 1983 fails because none of the defendants can be liable under that statute. Section 1983 requires that the defendants acted under the color of state law; it does not extend to private actors or those acting under color of federal law. *Case v. Milewski*, 327 F.3d 564, 566–67

---

[1] We do not address whether it is correct that a district court could not hear Muir's claims targeting airport screening procedures because Muir accepts that decision on appeal. To the extent that Muir asks us to treat his appellate brief as an original petition for review of the TSA's screening process under § 46110, we cannot. Our review here is limited to the decisions noticed for appeal. FED. R. APP. P. 3(c)(1)(B).

No. 21-1312 Page 4

(7th Cir. 2003). If the plaintiff alleges a conspiracy to violate his civil rights, he still must show that the named private parties conspired with state actors. *Lewis v. Mills*, 677 F.3d 324, 333 (7th Cir. 2012) (Section 1983 conspiracy must involve, among other things, an understanding between a "state official" and a private person and "joint activity"); *see Dix v. Edelman Fin. Servs., LLC*, 978 F.3d 507, 518 (7th Cir. 2020). Here, the defendants are all federal agents or private actors, so § 1983 is not in play.

Perhaps anticipating that response, Muir contends that he alleged in the operative complaint that Peoria County, Illinois, was a member of the conspiracy. But he neither named the county in the caption nor, in the body of the complaint, did he allege any personal involvement by county officials in the alleged misconduct at the airport. *See Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 559–60 (7th Cir. 1996) (referring to defendants in body of complaint but not caption sufficed). Muir's brief in opposition to the defendants' motions to dismiss simply said that he could not leave the screening area without risk of arrest by "local law enforcement." In his reply brief on appeal, Muir states that Peoria County sheriff's deputies stood by as his rights were being violated. But nowhere does Muir suggest that they knew of the alleged infringement (or his hernia). *See Gill v. City of Milwaukee*, 850 F.3d 335, 342 (7th Cir. 2017). For these reasons and more, belatedly invoking the county does nothing for Muir.

Finally, for the first time in his reply brief, Muir raises arguments about the judge's reasons for dismissing his other claims. But arguments raised for the first time in a reply brief are waived. *Wonsey v. City of Chicago*, 940 F.3d 394, 398 (7th Cir. 2019).

AFFIRMED